**WEBB FUEL COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 14874.

United States Court of Appeals
Sixth Circuit.

Oct. 26, 1962.

---

Richard F. Hooker and Stephen C. Bransdorfer, Grand Rapids, Mich., John W. Cummiskey, George E. Snyder, Grand Rapids, Mich., on brief; Miller, Johnson, Snell & Cummiskey, Grand Rapids, Mich., of counsel, for petitioner.

Allison W. Brown, Jr., National Labor Relations Board, Washington, D. C., Stuart Rothman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Stuart Broad, Attorney, National Labor Relations Board, Washington, D. C., on brief, for respondent.

Before McALLISTER, Circuit Judge, and BOYD and FREEMAN, District Judges.

## ORDER.

This is a petition to review and set aside an order of the National Labor Relations Board finding that the petitioner violated Section 8(a) (5) and (1) of the National Labor Relations Act, as amended (61 Stat. 136, 73 Stat. 519, 29 U.S.C. § 151 et seq.) by refusing to bargain with the Chauffeurs, Teamsters and Helpers Union, Local 364, as the exclusive representative of its office-clerical employees, at a time when petitioner knew that the union represented the then entire office work force, and also violated Section 8(a) (3) and (1) of the act in refusing to reinstate four striking employees upon their unconditional offer to return to work after having engaged in a strike precipitated by petitioner's unlawful refusal to bargain with the union.

■ 29 U.S.C. § 160(f) in pertinent part, provides: "the findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall * * * be conclusive."

Substantial evidence "is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126, and "it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." National Labor Relations Board v. Columbian Enameling and Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660.

■ In the instant case the majority of the board disagreed with the findings and conclusions of the trial examiner relied on for his recommendation that the complaint be dismissed. In this situation the Supreme Court in Universal Camera Corp. v. National Labor Relations Board,

340 U.S. 474, at p. 496, 71 S.Ct. 456, 468, 95 L.Ed. 456, said: "The 'substantial evidence' standard is not modified in any way when the Board and its examiner disagree."

■ Applying the substantial evidence test and upon examination of the entire record, this Court concludes that there was substantial evidence to support the board's findings and conclusions.

The petition to review and set aside the board's order is denied and enforcement of the order is decreed.

Jones, Circuit Judge, dissented.